UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX,

    Plaintiff,

v.

MARK ZAWADSKI,
d/b/a Saginaw Spaulding BTS Retail,
d/b/a Dollar General,

    Defendant.
_____/

Case No. 1:22-cv-12294

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER (1) DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING COMPLAINT WITHOUT PREJUDICE, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On September 27, 2022, Plaintiff Patrick-Joseph Groulx[1] filed a *pro se* complaint against Mark Zawadski, seeking to enjoin the operations of the Dollar General located at 4390 East Road in Saginaw, Michigan because PM Farms has allegedly sprayed hazardous chemicals onto his property. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2.

As explained hereafter, Plaintiff's application to proceed *in forma pauperis* will be denied, his Complaint will be dismissed without prejudice, and he will be denied leave to appeal *in forma pauperis*.

I.

---

[1] Plaintiff Patrick-Joseph Groulx apparently is actively campaigning to be Governor of Michigan. *See* @PatrickJGroulx, TWITTER, https://twitter.com/PatrickJGroulx [https://perma.cc/BW8N-P9T4] (last visited Oct. 12, 2022) ("I am running for Governor of Michigan! I would like your support to stop the trash from Canada!"). But his campaign might be on hold until 2023. *See* Patrick Groulx for Governor of Michigan 2019-2023, FACEBOOK (July 14, 2017), https://www.facebook.com/people/Patrick-Groulx-for-Governor-of-Michigan-2019-2023/100022753610733/ (last visited Oct. 13, 2022) ("If I am elected I will create a Department based on Science and Biology to combat mosquitoes, Asian carp, Japanese beetles[,] and any other invasive creature that costs us our livelihoods and money.").

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, [then] the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed *in forma pauperis* if she submits an affidavit that includes a description of her assets and a statement that she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

But, under the three-strikes rule, a prisoner's *in forma pauperis* complaint must be dismissed if the prisoner has had at least three other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted. *See* 28 U.S.C. § 1915(g). Frivolity includes lack of jurisdiction, *see Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999), and lack of standing, *see Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." (quoting *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001))). The one exception to the three-strikes rule is if the prisoner plausibly alleges she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The PLRA—including the three-strikes rule—equally applies to nonprisoners. *Hunt v. Midland/Odessa Urb. Transit Dist.*, No. MO:18-CV-00151-DC, 2018 WL 10036076, at *1 (W.D. Tex. Sept. 27, 2018) ("[T]he *IFP* statute applies to *all* movants, both prisoners and non-prisoners alike." (citing *Haynes v. Scott*, 116 F. 3d 137, 39–40 (5th Cir. 1997))).

## II.

### A.

Plaintiff has filed at least one *in forma pauperis* complaint that was dismissed on the merits. *See Groulx v. Crop Prod. Servs.*, No. 1:19-CV-12560, 2020 WL 5939189, at *4 (E.D. Mich. Oct. 7, 2020) (dismissing Plaintiff's complaint on summary judgment).

And he has three other cases pending in this district. *See* R&R, *Groulx v. People's Republic of China*, No. 1:22-CV-11369 (E.D. Mich. filed July 12, 2022), ECF No. 6 at PageID.36 (recommending dismissal for "not alleg[ing] a plausible claim for relief"); Compl., *Groulx v. CSX Corp.*, No. 1:22-CV-12296 (E.D. Mich. filed Sept. 27, 2022), ECF No. 1 at PageID.3 (alleging the defendants "fraudulently neglect[ed] to fix the railways in Saginaw Michigan"); Compl., *Groulx v. People's Republic of China*, No. 1:22-CV-12295 (E.D. Mich. filed Sept. 27, 2022), ECF No. 1 (seeking $5,500,000.00 from the defendants for "interfer[ing] with Plaintiff's business" "to sell and/or giveaway [sic] marijuana" and "super weed seeds" by not allowing him "to upload . . . marijuana videos" to TikTok).

But Plaintiff has filed at least three *in forma pauperis* complaints that were dismissed as frivolous, malicious, or not stating a claim. *See Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7055158, at *1 (E.D. Mich. Oct. 12, 2022) (dismissing complaint for not "stat[ing] a claim"); *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. Sept. 13, 2022), ECF No. 5 at PageID.46 (same "for want of jurisdiction"); *Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811, 2021 WL 2258732, at *2 (E.D. Mich. June 3, 2021) (same "for lack of standing").[2]

Because at least three of Plaintiff's *in forma pauperis* complaints have been dismissed as frivolous, malicious, or not stating a claim, this case must be dismissed unless he plausibly alleges he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[2] Public record also reveals at least two criminal cases in which Plaintiff was involved. In 2004, the Michigan Court of Appeals affirmed Plaintiff's "enhanced sentence of sixteen months to two years in prison" for his second conviction for possession of marijuana. *People v. Groulx*, No. 249503, 2004 WL 2754678, at *1 (Mich. Ct. App. Dec. 2, 2004) (per curiam) (unpublished). And, though not obviously related, in 2018 the Michigan Court of Appeals affirmed a Michigan trial court's prosecutorial-immunity dismissal of Plaintiff's suit against numerous Bay County officials for "prosecut[ing] him for possession of marijuana despite the fact that he held a card under the Michigan Medical Marihuana Act." *Groulx v. Bay Cnty. Prosecutor Off.*, No. 335811, 2018 WL 1072595, at *1 (Mich. Ct. App. Feb. 27, 2018) (per curiam) (unpublished).

**B.**

Although Plaintiff alleges potential injuries, none satisfy the imminent-danger exception.

First, he claims that applying pesticides to the farmland abutting the Dollar General will cause it to "blow up" and to kill him because "most of the building has exposed steel." ECF No. 1 at PageID.4. But he has not identified the specific chemical he believes will explode, how it would explode, why it would explode upon contact with steel, whether it has exploded in the past, whether it would be applied in the same place again, how often it has been applied, or when it would be applied again. That lack of detail makes the alleged injury "speculative." *See Swenson v. Pramstaller*, 169 F. App'x 449, 450–51 (6th Cir. 2006) (unpublished). And, with no foreseeable imminence, the alleged injury is not "contemporaneous with the complaint's filing." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (unpublished); *see also Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (unpublished) ("[T]he threat . . . must be real and proximate . . . at the time the complaint is filed." (internal quotation marks omitted)).

Plaintiff also launches a plethora of expired prodromes as proof that a nonparty corporation is expected to apply numerous pesticides to a neighboring property. *See, e.g.*, ECF No. 1 at PageID.7 ("I has [sic] had issues with having an orgasm for 14 days when I first had initial contact . . . making me urinate on myself after I urinate, I had to use Psilocybin Mushrooms to stop the Diarrhea which only lasted for 13 months . . . ."). But none of those injuries "exist[ed] at the time the complaint [wa]s filed." *Rittner*, 290 F. App'x at 797.

Plaintiff also relies on his ongoing insomnia and cysts. ECF No. 1 at PageID.3, 7. But neither is a "serious physical injury" under the PLRA. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) (holding that symptoms that "can cause discomfort and pain" but "are typically temporary and rarely life threatening. . . . simply are not the kinds of injuries that can lead to

impending death or other severe bodily harms"). This is especially true here because Plaintiff is "under medical supervision" for both symptoms. *See id.*; ECF No. 1 at PageID.19–27.

And there is no possibility of redress. Plaintiff seeks to enjoin the Dollar General's business operations permanently because a nonparty corporation allegedly sprayed the surrounding farmland with potentially explosive chemicals. ECF No. 1 at PageID.5–6. But, assuming that the building is mostly made of steel as Plaintiff alleges, only an overactive imagination could conjure the connection between shutting down the Dollar General and preventing some nonparty corporation from applying pesticides to its neighboring farmland—much less to preventing Plaintiff from being "blow[n] up" by the potential chemical reaction of chemical and steel. *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009); *see also Yatooma v. Birch Run Twp.*, No. 1:22-CV-10870, 2022 WL 1913601, at *3 (E.D. Mich. June 3, 2022) ("In other words, there is no likelihood that Plaintiff's requested relief would do anything to redress their alleged injury."); New Jersey Department of Health, Right to Know: Hazardous Substance Fact Sheet, https://nj.gov/health/eoh/rtkweb/documents/fs/3139.pdf (May 2012) ("**Glyphosate** [Roundup] may react with IRON, GALVANIZED STEEL[,] and UNLINED STEEL CONTAINERS to produce flammable and explosive *Hydrogen gas*.").

For these reasons, the Complaint fails the imminent-danger test. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (unpublished) ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception."). Thus, Plaintiff may not proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action *or appeal[ing] a judgment in a civil action*" absent an allegation of imminent danger (emphasis added)).

Consequently, Plaintiff's Complaint will be dismissed without prejudice so that he can pay the filing fee to refile it. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

C.

As a separate matter, Plaintiff has filed numerous inconsistent applications to proceed *in forma pauperis*. *Compare Groulx v. Crop Prod. Servs.*, No. 1:19-CV-12560 (E.D. Mich. filed Sept. 6, 2019), ECF No. 9 (alleging that Plaintiff has no income, that he owns a house worth $55,000.00, that he owns a Volvo worth $500.00, and that his *ex-spouse* Carol Groulx makes $1200.00 per month in disability pay), *with Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811 (E.D. Mich. filed Mar. 29, 2021), ECF No. 2 (alleging his "*wife* [Carol Groulx] recieves [sic] full disability of $1303.00" (emphasis added)), *and Groulx v. People's Republic of China*, No. 1:22-CV-11369 (E.D. Mich. filed June 21, 2022), ECF No. 2 (alleging that Plaintiff makes "$140.00 a week" selling plasma, that his "friend" owns a house worth $80,000.00, that his "friend" owns a Volvo worth $500.00, and that his "*friend* Carol [Groulx] gets Disability of about $1,300.00" and SNAP benefits (emphasis added)), *and Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049 (E.D. Mich. filed Aug. 29, 2022), ECF No. 2 (alleging that Plaintiff makes from $200.00–$600.00 per month selling plasma, that "the house [Plaintiff] reside[s] in is valued at $86,000," that Plaintiff "paid $500 for" a Volvo, and that "Carol [Groulx] gets full disability of about $1,300.00" and "$250 for food from MDHHS"), *and Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. filed Aug. 29, 2022), ECF No. 2 (same), *and Groulx v. Zawadski*, No. 1:22-CV-12294 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (alleging that Plaintiff makes "from $200 to 600 a month" selling plasma, that his Volvo "is worth less than $500.00," that he owns a house "valued around $75,000," that Carol Groulx "gets disability of about $1,300.00 a month," and that he and Carol Groulx "get about $250 to $300 a month from SNAP"), *and Groulx v. CSX Corp.*, No. 1:22-CV-12296 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (same), *and Groulx v. People's Republic of China*, No. 1:22-CV-12295 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (alleging—with no

mention of Carol Groulx—that Plaintiff makes from $200.00–$500.00 "a month" selling plasma, that his Volvo is "worth less than $500," and that his "house [is worth] about $75,000").

Such inconsistencies could lead to revocation of a person's *in forma pauperis* status. *See, e.g.*, *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *8–9 (E.D. Mich. Mar. 11, 2022) (directing plaintiff to serve complaint and summons on defendants because plaintiff was proceeding *in forma pauperis* in one case but not another). *See generally* Mary Van Vort, Note, *Controlling and Deterring Frivolous in Forma Pauperis Complaints*, 55 FORDHAM L. REV. 1165 (1987) (discussing how civil plaintiffs could abuse the *in forma pauperis* statute). Yet the propriety of Plaintiff's financial indigence will not be explored further because his Complaint fails under the three-strikes rule.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis, ECF No. 2, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint but only if he fully prepays the necessary fees and costs.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal in forma pauperis on appeal, as an appeal from this Opinion and Order would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3), (g).

Dated: October 14, 2022                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge